NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**In Re AZAD ALAMGIR KABIR,**
*Petitioner*

_____

2026-128

_____

On Petition for Writ of Mandamus to the United States District Court for the District of New Jersey in No. 2:25-cv-15207-EP-JSA, Judge Evelyn Padin.

_____

**ON PETITION**

_____

Before TARANTO, MAYER, and STARK, *Circuit Judges*.

PER CURIAM.

**O R D E R**

In the underlying patent infringement case, the district court revoked Dr. Azad Alamgir Kabir's privileges for filing documents electronically using the Alternate Document Submission ("ADS") system, after finding he had "abused the ADS system and burdened the Clerk of Court with numerous filings that are not capable of being docketed." Dkt. No. 192 at 5–6.  He now petitions for a writ of mandamus seeking, among other things, to transfer or reassign the case to "ensure reliable docket access." Pet. at 5.

A writ of mandamus is an extraordinary remedy and may only issue if petitioner has shown an indisputable right to the relief requested and that there are no other adequate means to attain that relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Dr. Kabir has shown no clear and indisputable right to file documents via CM/ECF or ADS, and at least for that reason, has shown no right to transfer or to disturb the district court's rulings regarding such privileges. *See* Fed. R. Civ. P. 5(d)(3)(B)(i) (explaining a self-represented litigant "may file electronically only if allowed by court order or by local rule").[1] As to Dr. Kabir's other challenges on the merits of his case, including his entitlement to filing another amended complaint, we cannot say that a post-judgment appeal is inadequate.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 24, 2026
    Date

---

[1] Dr. Kabir appears to express confusion as to how to file with the district court, but the February 3, 2026 order does not restrict his filing via mail, courthouse drop box, or delivery to that court's Clerk's Office. *See* D.N.J. Alternative Document Submission at 2 (explaining "the other filing methods provided for self-represented litigants").